FLORA J. BROOKS v. KARL M. BROWN AND WIFE, EARLENE B. BROWN

No. 7729SC740

(Filed 20 June 1978)

1. **Cancellation and Rescission of Instruments § 10— forgery of provisions of deed — sufficiency of evidence**

In an action to have portions of a deed conveying an undivided half interest in two tracts 'of land declared void because they had been forged, the trial court properly denied defendants' motion to dismiss where plaintiff offered ample and competent evidence to show that the deed had been altered; plaintiff showed fraudulent intent by offering evidence that defendants did not list the tracts in the county tax records until thirteen years after they claimed they acquired title, that one-half interest in one parcel of land was first listed by defendants in 1962, thus corroborating plaintiff's testimony that in 1962 she sold one-half interest in that parcel to defendants, that defendants did not claim any of the tracts in five financial statements filed in five separate years between 1970 and 1976, and that at trial defendants claimed title dating back to 1958 or 1959; and plaintiff offered evidence that the disputed deed was recorded at the Register of Deeds' office, thereby tending to show that the instrument was apparently capable of defrauding.

2. **Cancellation and Rescission of Instruments § 10— forgery of portions of deed — sufficiency of evidence**

In an action to have portions of a deed declared void because they had allegedly been forged, evidence was sufficient to support the trial court's findings that plaintiff executed and delivered the deed to defendants in 1950; that plaintiff never executed or acknowledged the same in its altered form; that the defendants had possessed the deed since 1950; and that the alterations to the deed were made by defendants or by someone with their knowledge and under their direction.

3. **Cancellation and Rescission of Instruments § 9.1— forgery of portions of deed — relevancy of evidence**

In an action to have portions of a deed declared void because they had allegedly been forged, the trial court did not err in finding that the evidence presented by defendants concerning the manner in which the deed was altered was indefinite and not clearly relevant, since such evidence consisted of testimony by a justice of the peace who never actually read the provisions of the deed and testimony of a secretary from the office of the justice of the peace who had no recollection of ever having anything to do with the disputed instrument.

APPEAL by defendants from *Martin (Harry C.), Judge*. Judgment entered 12 March 1977, in Superior Court, McDOWELL County. Heard in the Court of Appeals 1 June 1978.

In April 1976, plaintiff instituted this action and alleged that a portion of a deed from plaintiff (and her late husband) to defendants, conveying an undivided half interest in two tracts of land, had been forged and was not the deed of plaintiff. The deed was allegedly delivered in 1950 but not recorded by defendants until 16 January 1976. Plaintiff further alleged that this deed constituted a cloud upon her title.

At trial without a jury, plaintiff offered evidence which tended to show that the disputed deed was delivered in 1950, and that it was thereafter altered without authority before it was recorded. Plaintiff testified that certain words had been added in the printed portion of the form deed and that descriptions of ten other tracts of land had been added, which lands, according to plaintiff, had not been conveyed in the deed which was delivered to defendants.

Defendant Karl Brown testified that the deed was delivered to him by Fred Brooks, plaintiff's late husband, on 29 June 1959, and that he placed the deed in a safe; that the deed later was lost,

but on or about 16 January 1976, defendants found the deed and had it recorded in the office of the McDowell County Register of Deeds in Deed Book 251 at Page 212.

The trial court made findings of fact and concluded that the disputed instrument was void insofar as the third through twelfth tracts of land were concerned. In addition to declaring the deed void as to said lands, the court ordered defendants to pay plaintiff ten dollars as actual damages and three thousand dollars as punitive damages. Defendants appeal from this judgment.

*Everette C. Carnes for plaintiff appellee.*

*Simpson, Baker & Aycock, by Samuel E. Aycock, for defendant appellant.*

ARNOLD, Judge.

[1] Defendants' first contention is that the trial court erred in denying their motion to dismiss made at the close of plaintiff's evidence. G.S. 1A-1, Rule 41(b) in pertinent part reads:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and law the plaintiff has shown no right to relief."

Defendants argue that plaintiff failed to introduce sufficient evidence to make out a case for recovery. We do not agree. Plaintiff, at the very least, established the three elements of forgery: (1) a false making or alteration of a written instrument; (2) fraudulent intent on the part of defendant; (3) an apparent capability of the written instrument to defraud. *See, e.g., State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975). As to the first element, plaintiff put on ample and competent evidence to show that the deed had been altered. She testified that "the typewritten inserts and additions to the printed portion . . . were not a part of the Deed that I've testified about." She also stated that she and her husband never owned most of the tracts of lands described in the inserted portions. Furthermore, she pointed out further inaccuracies in the portions which she had acknowledged.

As to the second element—fraudulent intent—we believe this may be inferred from circumstantial evidence. Plaintiff introduced evidence tending to show that defendants did not list these tracts in the McDowell County tax records until 1976—well beyond 1959 when Brown claimed he acquired title. One-half interest in one parcel of land, part of that described in the ninth tract, was first listed by defendant Karl Brown in 1962; this corroborates plaintiff's testimony that in 1962 she sold one-half interest in that parcel to Brown. Furthermore, plaintiff put on evidence that defendant Karl Brown did not claim any of these additional tracts of land in five financial statements filed by Brown in five separate years between 1970 and 1976. However, there was also evidence that defendants now claimed title to the land dating back to 1958 or 1959. We believe that all of the evidence, taken together, tends to show an intent to defraud plaintiff of land belonging to her.

Finally, plaintiff put on evidence that the disputed deed was recorded at the Register of Deeds' office, thereby tending to show that the instrument was apparently capable of defrauding.

We, therefore, find no error in the trial court's denial of defendants' motion to dismiss.

[2] Defendants next argue that the trial court erred in finding as fact that plaintiff executed and delivered the deed to defendants in 1950; that plaintiff never executed or acknowledged the same in its altered form; that the defendants have possessed said deed since 1950; and that the alterations to said deed were made by the defendants or by someone with their knowledge and under their direction. Defendants' argument is totally without merit.

There is competent evidence to support each of the foregoing findings of fact. Plaintiff testified with regard to the two tracts of land described on the first page of the disputed deed, "it's the land that Mr. Brooks and I conveyed to Mr. Brown in 1950-51." The instrument itself indicates a date of 1958 in the beginning portion of the deed ("THIS DEED, made this *12* day of *October*, A.D. 1958 . . . ."), but it further shows a strikeover, with the eight superimposed upon a zero.

Plaintiff also testified that she never executed or acknowledged the altered instrument. In fact she testified that

most of the tracts of land purportedly conveyed by plaintiff to defendants had never even been owned by her. She further testified that she delivered the deed to defendants, and there was evidence that not until 1976 did defendants record the deed. This was competent evidence to support the court's finding that, in the interim, defendants had possession of the deed.

Finally, there was competent evidence from which one might reasonably infer that defendants either made the alterations or had someone else make them. Plaintiff testified that the deed she signed did not contain the additions; defendants maintained that the additions were on the original and were legitimate. If plaintiff did not sign the deed containing descriptions of the additional tracts of land one could conclude that defendants, or someone acting under their direction, did so.

[3] Defendants further contend that the court erred in finding (1) that the evidence presented by defendants concerning the manner in which the deed was altered was indefinite and not clearly relevant, and (2) that there was no evidence that any instrument so altered was ever executed by plaintiff or her husband. The finding of fact to which defendants took exception reads:

"15. Defendant and witnesses, Frances Harris and Roy Griggs, testified concerning events which allegedly occurred in offices of Roy Griggs, then a Justice of the Peace and U.S. Commissioner. Such evidence indicated that Fred J. Brooks, defendant Karl M. Brown and J. L. Field, a surveyor and perhaps others, but not plaintiff, had been in said office about 1958 or 1959 with a deed form similar to the one on which the original 1950 deed from plaintiff and her husband to defendants had been drafted, and other papers. A typist who worked for Roy Griggs had allegedly done some typing on said deed form and on a separate sheet of paper according to instructions from Mr. Brooks and such separate sheet of paper had been attached to the deed form by means of transparent tape. None of such witnesses were able to specifically identify the typing done at that time as being all or any part of the presently contested instrument. Although Roy Griggs was of the opinion it was, he had never read the papers at the time of the original alterations and his opinion is lacking in probative force. The court finds that evidence of

such events is indefinite and is not clearly relevant and that there is no evidence that any instrument so formed was ever executed by either plaintiff or her husband and such evidence is not sufficiently clear or persuasive to overcome plaintiff's unequivocal testimony that she had never seen the alterations and additions to the instrument or had knowledge of its existence until after it was recorded in 1976."

The record shows that Roy Griggs testified that the disputed instrument "is the deed that was in my office to my best recollection . . . ." However, Griggs also stated:

"I myself did not type any of the instrument that I had in my hand and referred to in my testimony. I did not conduct a hand examination while I was in my office. I just saw it over there where it was being worked on. I saw one of the girls working on it. I never picked it up and looked at it, nor did I read anything that was on it."

One secretary from the office of Mr. Griggs testified that she had no recollection of ever having anything to do with the disputed instrument. Although there were other secretaries who might have done the typing, defendants did not introduce evidence from them. The trial court, therefore, did not err in finding that defendants' testimony regarding the additions was indefinite.

As to the finding that there was no evidence that the altered instrument was executed by either plaintiff or her husband, we agree with defendants that this is not totally accurate. The executed deed itself was evidence that plaintiff and her husband had executed the deed. However, in view of the fact that the court found that defendants had altered the deed with the intent to deprive plaintiff of her property, we see no prejudicial error in the court's finding.

We have reviewed defendants' other assignments of error which were dependent upon the ones heretofore discussed, and we find no error in the trial court's judgment.

Affirmed.

Judges BRITT and ERWIN concur.